JOSEPH E. HUBINGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12437.   Promulgated October 12, 1928.

*Newton K. Fox, Esq.,* for the petitioner.
*Frank S. Easby-Smith, Esq.,* for the respondent.

[redacted]

OPINION.

ARUNDELL: The amount of $41,142.14 which petitioner claims as a deduction from gross income is the difference between the amount of $70,872.14 expended in reconditioning his building and the insurance received in the amount of $29,730. It appears that the amount claimed was taken as a loss deduction in petitioner's return and that the deduction was disallowed by the respondent because of failure to establish March 1, 1913, value, and on the further ground of failure to establish that that value, depreciated to the date of the fire, was in excess of the insurance received.

In the petition filed, as amended, error is alleged in three counts: (1) in disallowing a deduction of the sum of $41,142.14; (2) in disallowing that amount as a necessary expense; and (3) in disallowing the amount involved as representing a loss sustained.

The purpose of the loss provisions of the Revenue Act of 1918 is to allow a deduction for the actual loss sustained, and the amount of the loss in the case of property acquired prior to March 1, 1913, and destroyed as a result of casualty " is in no event greater than the capital investment in the property." *Lock, Moore & Co., Ltd.*, 7 B. T. A. 1008, 1010. Cost is therefore a necessary element in determining the amount of the loss and as this element is lacking in the present case, the respondent's disallowance of a loss in any amount must be sustained.

Petitioner says that regardless of cost he has sustained a loss in the amount of the excess of the cost of restoration over the insurance received. This in effect is saying that the cost of restoration is the measure of the amount of the loss. That this is not a proper measure has been specifically held in *Samuel Greenbaum*, 8 B. T. A. 75, which arose under the Revenue Act of 1921, but is equally applicable to cases under the 1918 Act. See also *Fred Frazier*, 10 B. T. A. 409.

The next question, as framed by the pleadings, is whether the amount expended in excess of the insurance in the restoration of the building is deductible as the cost of repairs. We had before us a parallel situation in the case of *Ben Baer*, 12 B. T. A. 1060, in which we held that the amount so claimed was a capital expenditure and not a deductible expense. Similarly, in *Samuel Zimmerman*, 9 B. T. A. 1382, where a barge sank in a storm and was raised and reconditioned, we held that the cost of reconditioning which was necessary to put the barge in the condition it was in at the time it sank, was an item to be capitalized rather than deducted as the cost of repairs.

964

Counsel for petitioner cites many cases in which the word " repair " is defined and distinguished from such terms as replacements, betterments, improvements, and so on. The difficulties that lie in the way of adopting any general rule and attempting to fit all cases to it are obvious. An item, in relation to income, may in one case be so insignificant that it would be absurd to require its capitalization even though under a technical definition it might be an improvement, while in another case the cost of a similar item might be sufficient to absorb all the income for the year. We can not believe that Congress intended to allow as charges against the revenues of a day or year the cost of restoring major parts of income-producing property where the restoration is of such character as to be useful over a long period of years.

The distinction between maintaining property through repairs necessitated as the result of a casualty, such as in *Illinois Merchants Trust Co.*, 4 B. T. A. 103, and the restoration of a major part of the property itself, is readily apparent. The *Baer* and *Zimmerman* cases, *supra*, are controlling here and petitioner is not entitled to the deduction claimed for repairs.

In the brief filed by counsel for petitioner it is argued that the entire amount spent for restoration of the building is deductible, and not merely the excess of the cost over the insurance. There is no issue as to this claim raised by the pleadings and we can not pass upon it. However, if this matter were in issue, what we have said above would dispose of it. *Judgment will be entered for the respondent.*